**E-FILED**
Tuesday, 15 October, 2013 03:38:48 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **CHAZZIE T. ISOM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 12-CV-2261** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION**

On October 4, 2012, Petitioner, Chazzie T. Isom, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). Petitioner was granted additional time to file an affidavit in support of his Motion, but did not do so in the time allowed. On February 26, 2013, the Government filed its Response to Petitioner's Motion (#5). On March 4, 2012, Petitioner filed a pro se Motion to Amend (#6) and attached an affidavit and a letter to the court.

This court has carefully and thoroughly reviewed the arguments of the parties and the documents provided. This court has also reviewed the record in the underlying criminal case. Following this careful consideration, this court rules as follows: (1) Petitioner's pro se Motion to Amend (#6) is GRANTED; (2) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED; and (3) because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

# I. FACTS

## A. CRIMINAL CASE

On February 3, 2009, in Case No. 09-CR-20012, Petitioner was charged by indictment with one count of knowingly and intentionally distributing 50 grams or more of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance. John Taylor of the Federal Public Defender's Office was appointed to represent Petitioner. On March 24, 2009, the Government filed Notice of Prior Conviction pursuant to 21 U.S.C. § 851(a)(1) and stated that Petitioner had a prior conviction of unlawful delivery of a controlled substance in Kankakee County. On June 2, 2009, the Government filed a Superseding Indictment and added two counts of knowingly and intentionally distributing five grams of more of a mixture and substance containing cocaine base (crack). Petitioner appeared before this court with his counsel on June 11, 2009. Petitioner was arraigned on the superseding indictment and the case was set for trial on September 14, 2009.

Petitioner's jury trial commenced on September 14, 2009, and the jury found him guilty of the three charges against him on September 16, 2009. A sentencing hearing was held on January 8, 2010, and Petitioner was sentenced to a term of 262 months in the Federal Bureau of Prisons. Petitioner appealed, and the Seventh Circuit affirmed on March 14, 2011. *United States v. Isom*, 635 F.3d 904 (7th Cir. 2011). The United States Supreme Court denied Petitioner's petition for a writ of certiorari on October 3, 2011.

On October 1, 2012, Petitioner filed a pro se Motion for a reduction in his sentence. This court appointed the Federal Public Defender's office to represent Petitioner regarding his Motion. On November 15, 2012, this court entered an Order and reduced Petitioner's sentence to 240 months pursuant to the retroactive amendments to the crack cocaine guidelines.

B. 2255 MOTION

On October 4, 2012, Petitioner filed his pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). Petitioner claimed that he was denied the effective assistance of trial counsel. He stated:

> The petitioner requested that counsel seek and negotiate a plea in this case. Counsel ignored the petitioner. The petitioner desired to plea guilty in this case with a plea agreement. Had counsel negotiate some type of plea, the petitioner would have plead guilty.

On October 24, 2012, Petitioner filed a pro se Motion to Hold 2255 Motion in Abeyance (#3). Petitioner stated that he was "in the process of contacting his former attorney to obtain an affidavit to support his claim." Petitioner asked for 60 days to obtain the necessary documentation and to support his claim with case authority. This court granted the Motion by text order the same day and allowed Petitioner until December 27, 2012, to file his supporting case law and documentation. Petitioner did not file anything by the deadline.

On February 26, 2013, the Government filed its Response (#5) to Petitioner's Motion under § 2255. The Government argued that the Motion should be denied because Petitioner did not provide an affidavit setting forth facts and only provided mere conclusions. The Government argued that a claim of ineffective assistance unsupported by actual proof of the petitioner's allegations cannot meet the threshold requirement for purposes of § 2255, citing *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). The Government argued that Petitioner's Motion should be denied without an evidentiary hearing.

On March 4, 2013, Petitioner filed a Motion to Amend (#6) and attached his affidavit and also a letter to this court. Petitioner asked that his affidavit be included as part of his original petition. Petitioner's sworn, notarized affidavit was signed on February 26, 2013, and stated, in pertinent part:

> 3. That recently I spoke with John Taylor over the phone.
>
> 4. That during that communication, he affirmed that he wrongly believed that I wanted to proceed to trial.
>
> 5. That also he affirmed that, if I had plead guilty I would have received a lesser sentence than the 20 year sentence in which I believed.
>
> 6. That amongst the things discussed, that no plea agreement was discussed with the United States Attorneys.

In his lengthy letter to this court, which was not sworn, Petitioner complained that his counsel did not explain things to him. He stated that he never wanted to go to trial and his counsel did not try to negotiate a plea bargain.

## II. ANALYSIS

### A. MOTION TO AMEND

This court will allow Petitioner to include his affidavit as part of his Motion under § 2255. Accordingly, Petitioner's Motion to Amend (#6) is GRANTED. This court notes, however, that Petitioner has not asked that his unsworn letter be considered part of his Motion under § 2255. This court concludes that the unsworn letter cannot be considered evidence in support of Petitioner's Motion and will not be considered in ruling on the Motion.

### B. MOTION UNDER 2255

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995). Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner's claim does not warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

Petitioner's claim is based upon his contention that he was denied the effective assistance of trial counsel. The Sixth Amendment to the Constitution "provides that the accused shall have the assistance of counsel in all criminal prosecutions." *Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012); *see also Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009). To succeed on a claim of ineffective assistance, a petitioner must prove: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 678-88, 693 (1984); *Wyatt*, 574 F.3d at 457-58. With respect to the performance prong of the two-part test, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Wyatt*, 574 F.3d at 458, *quoting Strickland*, 466 U.S. at 689. A petitioner "must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and the court then determines "whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt*, 574 F.3d at 458. Regarding the prejudice prong of the two-part test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The United States Supreme Court has recognized that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Frye*, 132 S. Ct. at 1406, *quoting Padilla v. Kentucky*,

130 S. Ct. 1473, 1486 (2010). In *Frye*, the Supreme Court held that defense counsel therefore have a duty "to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408; *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012) (noting that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it"); *United States v. Taylor*, 2013 WL 2470259, at *6 (N.D. Ind. 2013). However, a defendant does not have a right to be offered a plea, or to have a judge accept it. *Frye*, 132 S. Ct. at 1410; *Lafler*, 132 S. Ct. at 1387; *Taylor*, 2013 WL 2470259, at *6.

In this case, Petitioner claims that he received ineffective assistance of counsel because he "desired to plea[d] guilty in this case with a plea agreement." He also claimed that, if his counsel had negotiated some type of plea, he would have plead guilty. In a situation where a defendant argues that his counsel gave him ineffective advice which led him to go to trial rather than plead guilty, the Supreme Court has stated that:

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's

> terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385.

In this case, the only evidence Petitioner has provided in support of his argument that his counsel was ineffective is his affidavit, dated February 26, 2013. In his affidavit, Petitioner did not provide any sworn statements based upon his own knowledge of what went on in his case. Instead, he included statements which he claims were made by his former counsel, John Taylor. The Federal Rules of Evidence apply to proceedings under 28 U.S.C. § 2255. *See United States v. Torrez-Flores*, 624 F.2d 776, 781 (7th Cir. 1980); *see also Webster v. United States*, 667 F.3d 826, 834 (7th Cir. 2011) (applying Rule 606(b) of the Federal Rules of Evidence to a Motion brought pursuant to § 2255). Petitioner is relying on out of court statements he says were made by John Taylor to prove the truth of the matter asserted. These statements are hearsay and are inadmissible under the Federal Rules of Evidence. Fed. R. Evid. 801(c), 802. This court concludes that none of the exceptions listed in Rules 803 and 804 of the Federal Rules of Evidence can have any application to the situation here. This court therefore cannot consider the hearsay statements included in Petitioner's affidavit.[1]

---

[1] This court additionally notes that Petitioner's counsel is an experienced and very well respected defense attorney. This court does not believe that Petitioner's counsel did not discuss with him whether he wanted to go to trial and did not make attempts to negotiate a plea. This court does not find Petitioner's statements in his affidavit regarding what his counsel told him to be credible.

Petitioner has not filed any other evidence in support of his Motion. This court therefore concludes that there is nothing in the record to support Petitioner's claim. Without evidence to support his claim, Petitioner cannot "have his cake and eat it too, by getting a crack at acquittal and only then seeking the (potentially) lower sentence available to those who plead guilty." *Cf. Estremera v. United States*, 724 F.3d 773, 779 (7th Cir. 2013) (finding the petitioner's detailed affidavit regarding his counsel's ineffective advice sufficient to warrant an evidentiary hearing in that case). Petitioner's claim that his counsel rendered ineffective assistance is unsupported by "'actual proof of [his] allegations,'" and he therefore "cannot meet the threshold requirement for securing an evidentiary hearing" on his § 2255 motion. *Fuller*, 398 F.3d at 652, *quoting Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). In addition, Petitioner's argument is that he wanted his counsel to negotiate a plea agreement. However, as noted, he did not have the right to be offered a plea and there is no evidence that the Government was interested in offering him a plea. This court concludes that Petitioner has not shown that he was denied the effective assistance of counsel and, therefore, has not presented adequate grounds to vacate his sentence or his conviction. *See Taylor*, 2013 WL 2470259, at *6.

For all of the reasons stated, Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Amend (#6) is GRANTED.

(2) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

(3) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 15th day of October, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE